**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------×
Joel Guerrero, on behalf of himself and others similarly situated,

      *Plaintiffs,*

    *v.*

GoPuff, GoBrands, Inc., Yakir Gola, Rafael Ilishayev, and GB Logistics LLC,

      *Defendants.*
------------------------------------------------×

**COMPLAINT**

**1:24-cv-6727**

**JURY REQUESTED**

Plaintiff Joel Guerrero, by his counsel, Harman Green PC, alleges for his Complaint against Defendants GoPuff, GoBrands, Inc., Yakir Gola, Rafael Ilishayev, and GB Logistics LLC ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This case is about rampant failure to pay owed wages, rampant failures to pay minimum wage, and misclassification of employees.

2. Defendants are one in the same, operating as the delivery service GoPuff and are, in all things, joint employers and/or wholly owned by one or another.

3. This case is brought as a class and collective action under the Fair Labor Standards Act ("FLSA") because the number of Putative Plaintiffs affected far exceeds a reasonable number for which this Court could handle as individual matters. Further, the claims and defenses to underpayment of wages and misclassification of employment status would be identical between all plaintiffs as there is a common illegal practice by only one corporation (and it's subsidiaries, owners, and direct corporate lineage, making them one and the same).

**JURISDICTION**

4. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they

1

arise under a federal statute.

5. Pursuant to 28 U.S.C. §1367 this Court may properly hear Plaintiff's State and local law claims as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

**PARTIES**

6. Plaintiff was and is a resident of New York State.

7. Defendant GoPuff is headquartered in Philadelphia, at 537 N 3rd St, Philadelphia, PA 19123, but operates throughout the entirety of Manhattan (the basis for venue) and all of New York City.

8. Defendant GoBrands, Inc wholly owns GoPuff and is also located at 537 N 3rd St, Philadelphia, PA 19123.

9. Defendant Yakir Gola, upon information and belief, was and is a resident of Pennsylvania.

10. Defendant Rafael Ilishayev, upon information and belief, was and is a resident of Pennsylvania.

11. GB Logistics, LLC is a holding company affiliated directly and intimately with GoPuff, and is located at 454 N 12TH ST, Philadelphia, Pennsylvania, United States.

**CLASS CONTEMPLATED**

12. Plaintiff intends to move for class and collective certification.

13. At present, Plaintiff identifies the class as all delivery drivers for Defendants who reside and/or deliver for Defendants in New York City. Plaintiff believes that the class is much larger, and encompasses delivery drivers in the entirety of New York State and, in fact, delivery drivers in many other states.[1]

14. The class and collective Putative Plaintiffs have common questions of fact to all.

---

[1] Defendants operate in over half of the States in the continental United States, https://www.gopuff.com/delivery/us.

Defendants fail to pay minimum wage, Defendants fail to pay overtime wages, and Defendant misclassifies employees.

15. The individual circumstances of each Putative Plaintiff do not outweigh the questions and answers common to them all. The only individual aspect to any claim is the amount of wages owed to each Putative Plaintiff.

16. It would flood and burden this Court to hear each Putative Plaintiff's claim individually, of which there are likely hundreds, if not thousands. GoPuff employs approximately 10,000 people, a great many of whom are delivery drivers.[2]

## JURY DEMAND

17. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

18. Plaintiff has been a delivery driver for Defendants for over three years.

19. Defendants are a delivery service with a long history of illegal employment practices.

20. Defendants Yakir Gola and Rafael Ilishayev are individuals liable under the FLSA, operate GoPuff and all affiliates as one and the same, and have ultimate control and discretion on how and when employees are paid.

21. Defendants routinely violate the law, and rely extensively on undocumented employees to act as delivery drivers.

22. Defendants utilize these employees because Defendant can control them and can force them to accept a lower wage than the law requires.

23. Plaintiff is a natural born American citizen, and has been personal witness to this

---

[2] GoPuff authorizes delivery drives, but, as well, turns a knowing blind eye to these authorized drivers who allow unauthorized drivers who get paid 'off the books' by using their credentials. GoPuff knowingly allows this to drive costs down.

3

illegal practice. Defendants commit the same illegal acts with respect to Plaintiff's pay.

24. The class, then, would encompass both citizens and undocumented employees, as both are paid far below minimum wage.

25. Plaintiff and the class members are also paid as independent contractors, on a 1099, but they are, in all things, employees of Defendants.

26. Plaintiff works, at times, over twelve hours a day delivering for Defendants.

27. Defendants, in 2023, were fined $6.2 million by the State of Massachusetts for "misclassifying employees as independent contractors, failing to furnish suitable paystubs, and failing to maintain an earned sick leave policy. In total, 968 employees will be impacted."[3]

28. Defendants completely control Plaintiff's work responsibilities and obligations. He is, in all things, an employee.

29. On April 1, 2024, Mayor of New York City Eric Adams announced that "effective immediately, the city's minimum pay rate for app-based restaurant delivery workers is increasing to at least $19.56 per hour before tips."[4]

30. Plaintiff, on average, makes less than $10 per hour, inclusive of tips. Plaintiff, at times, makes approximately $3 per hour not including tips.

31. Plaintiff is <u>never</u> paid overtime. Plaintiff is not even paid a living wage, let alone the minimum wage.

32. For example:

33. For the week of April 1-7, 2024 (when Mayor Adam's law went into effect),

---

[3] Office of the Attorney General for the State of Massachusetts, *AG's Office Issues $6.2 Million in Citations Against National Delivery Service Company Over Employee Misclassification Violations*, March 30, 2023, https://www.mass.gov/news/ags-office-issues-62-million-in-citations-against-national-delivery-service-company-over-employee-misclassification-violations.

[4] City Hall Press Office, *Mayor Adams Announces First Annual Increase In Minimum Pay Rate For App-Based Restaurant Delivery Workers*, April 1, 2024, https://www.nyc.gov/site/dca/news/018-24/mayor-adams-first-annual-increase-minimum-pay-rate-app-based-restaurant-delivery.

4

Plaintiff earned $249.27 for 43.30 hours of work. His base pay was $87.74, and he received $161.53 in tips.

33. For the week of April 15-21, 2024 Plaintiff earned $626.17 for 96.04 hours of work. His base pay was $208.12, and he received $418.05 in tips.

34. 

35. For the week of April 29-May 5, 2024, Plaintiff earned $530.90 for 82.71 hours of work. His base pay was $176.64, and he received $354.26 in tips.

36. For the week of May 6-12, 2024, Plaintiff earned $414.60 for 79.84 hours of work. His base pay was $138.94, and he received $275.66 in tips.

37. For the week of May 13-19, 2024, Plaintiff earned $347.41 for 61.82 hours of work. His base pay was $116.57, and he received $230.84 in tips.

38. A particularly 'good' work week for Plaintiff would be something like October 2-8, 2023, which earned Plaintiff $549.67 for 49.20 hours worked, $260.33 of which was in tips.

39. A particularly 'bad' week was October 23-29, 2023, which earned Plaintiff only $91.11 for 21.75 hours of work, $33.45 of which was paid by Defendants as base pay.



40. <u>Every single pay week for Plaintiff reflects this illegal activity</u>.

41. Defendants slate Plaintiff as always working "unscheduled" hours to justify their illegal practices.

42. When Plaintiff is put into a delivery queue, he usually waits over half an hour before his delivery trip can begin. Defendants prioritize providing delivery opportunities to undocumented employees.

43. Plaintiff is not paid an hourly rate.

44. Plaintiff is paid 'by the trip' and receives a base pay of approximately $3.50 per 'trip.'

45. Plaintiff will sometime stack trips – meaning he will do three or four trips in one route. Even with stacking, Plaintiff is never paid the minimum hourly rate.

6

46. Plaintiff knows that there are dozens, if not hundreds, of others in the five boroughs alone that are subjected to these illegal practices.

47. Plaintiff's claims are one and the same as virtually every other GoPuff delivery driver, and such a number is subject to discovery.

## CAUSES OF ACTION
## FIRST CLAIM

### Failure to pay minimum wage

48. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

49. This claim is brought on behalf of Plaintiff and all others similarly situated.

50. Under the FLSA, every employee in the United States is entitled to no less than $7.50/hour.

51. Defendants routinely violate this, as evidenced by paying Plaintiff only $33.45 for 21.75 hours of work for the week October 23-29, 2023.

52. As this failure to pay minimum wage is willful and malicious, and intentional, Defendants must be ordered to pay Plaintiff and similarly situated class members all minimum wage owed, all liquidated damages available, any emotional distress associated with the claims, and all attorney fees, costs, and expenses, as well as any other remedy available in law.

## SECOND CLAIM

### Failure to pay minimum wage under the New York Labor Law

53. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

54. This claim is brought on behalf of Plaintiff and all others similarly situated.

55. Under the New York Labor Law, through December 31, 2022, all New York City employees were entitled to $15.00. Beginning January 1, 2024, they were entitled to $16.00. Tipped service employees were required to be paid $13.35 Cash Wage and $2.65 Tip Credit.

56. Defendants routinely violate this, as evidenced by paying Plaintiff only $33.45 for 21.75 hours of work for the week October 23-29, 2023.

57. As this failure to pay minimum wage is willful and malicious, and intentional, Defendants must be ordered to pay Plaintiff and similarly situated class members all minimum wage owed, all liquidated damages available, any emotional distress associated with the claims, and all attorney fees, costs, and expenses, as well as any other remedy available in law.

### THIRD CLAIM

**Failure to pay minimum wage under the law of New York City**

58. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

59. This claim is brought on behalf of Plaintiff and all others similarly situated.

60. Under the New York City Local Law 115 of 2021, the Minimum Pay Rate for delivery drivers must be adjusted for inflation each year. The minimum pay rate increased to **$19.56** the first pay period on or after April 1, 2024.

61. NYC Administrative Code, Title 20, Chapters 2 and 15 sets out that any person who are classified as an independent contractor, which Plaintiff and class members are, must pay workers at least $19.56 per hour (not including tips) for time spent making deliveries.

62. Defendants blatantly fail to provide Plaintiff, or any class member, with $19.56 per hour of work.

63. As this failure to pay minimum wage is willful and malicious, and intentional, Defendants must be ordered to pay Plaintiff and similarly situated class members all minimum wage owed, all liquidated damages available, any emotional distress associated with the claims, and all attorney fees, costs, and expenses, as well as any other remedy available in law.

### FOURTH CLAIM

**Failure to pay overtime**

64. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

65. This claim is brought on behalf of Plaintiff and all others similarly situated.

66. The FLSA, New York Labor Law, and New York City local laws all demand that employees be paid 150% their base rate for all work completed in excess of 40 hours per week.

67. Defendants do not have a base rate for employees, so the rate must be at least $19.56 for New York City employees. All class members are entitled to $29.34 per hour of work completed beyond 40 hours per week.

68. Defendants do not pay any overtime despite employees working in excess of forty hours per week, as evidenced by the week of April 15-21, 2024 when Plaintiff earned only $626.17, of which only $208.12 was paid by Defendants as a 'base pay,' for 96.04 hours of work. At 96.04 hours, Plaintiff should have earned $2,426.61 for that week alone in only base pay, before tips are included. Indicative of how extreme Defendants' illegal practice is, $2,426.61 is more than Plaintiff earned for the month of April 2024.

69. As this failure to pay overtime wage is willful and malicious, and intentional, Defendants must be ordered to pay Plaintiff and similarly situated class members all minimum wage owed, all liquidated damages available, any emotional distress associated with the claims, and all attorney fees, costs, and expenses, as well as any other remedy available in law.

### **FIFTH CLAIM**
#### **Misclassification of employees**

70. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

71. This claim is brought on behalf of Plaintiff and all others similarly situated.

72. Under the FLSA, 29 CFR Part 795, employees cannot be classified as independent contractors. New York City has published its own laws governing and explaining

what makes and employee or an independent contractor.

73. Plaintiff and class members are listed as independent contractors and are paid on a 1099, rather than a w2.

74. This is illegal as Plaintiff and class members are all employees, and are wholly controlled by Defendants in the same was other deliver companies control their drivers.

75. Defendants knowingly misclassified employees and must be penalized at all levels, including by paying any owed back pay or front pay, and remedy Plaintiff and class members for any excess tax they paid on their earnings.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

D. For the fourth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

E. For the fifth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

F. For certification to proceed as a class and collective action; and

G. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
September 4, 2024

**HARMAN GREEN PC**

*/s/ Wally S. Harman Jr.*

By: _____
Walker G. Harman, Jr.
140 Broadway, Fl 46
New York, NY 10005
(646) 248-2288
wharman@theharmanfirm.com
*Attorney for Plaintiff*