**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joel Guerrero, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>GoPuff, GoBrands, Inc., Yakir Gola,<br>Rafael Ilishayev, and GB Logistics, LLC,<br><br>      Defendants. | No. 1:24-cv-06727 (JHR)<br><br>Hon. Jennifer H. Rearden |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR MOTION TO COMPEL ARBITRATION AND**
**DISMISS THE COMPLAINT**

---

**GREENBERG TRAURIG, LLP**

Jason D. Burns
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
jason.burns@gtlaw.com
*Attorneys for Defendants*

**TABLE OF CONTENTS**

I.      FACTUAL BACKGROUND ................................................................................................ 1

II.     LEGAL STANDARD ...................................................................................................... 3

III.    ARGUMENT ................................................................................................................. 4

        A.      The Court Should Compel Arbitration of Plaintiff's Claims Under the
                FAA ............................................................................................................... 4

                1.      Plaintiff Entered Into a Valid Arbitration Agreement. ............................... 5
                2.      All of Plaintiff's Claims Are Covered by the Arbitration
                        Agreement. ........................................................................................ 7
                3.      Plaintiff Must Arbitrate His Claims Against *All* Defendants ..................... 7

                        a.      The Non-Signatory Defendants Are Entitled To Enforce
                                The Arbitration Provision As Third-Party Beneficiaries. ............... 8
                        b.      The Non-Signatory Defendants Are Entitled To Enforce
                                The Arbitration Provision On Estoppel Grounds ........................... 8

                                i.      Plaintiff's Joint Employment Claims Against GB
                                        Logistics and the Non-Signatory Defendants Are
                                        Factually Intertwined. .......................................... 9
                                ii.     Plaintiff Has Alleged that GB Logistics and the
                                        Non-Signatory Defendants Are "Closely Related." .......... 10

        B.      The Arbitration Provision Is Enforceable Under Delaware and New York
                Law. ............................................................................................................. 12
        C.      Plaintiff Must Arbitrate His Claims on an Individual Basis. .............................. 12
        D.      The Arbitration Provision Contains a Valid and Enforceable Delegation
                Clause ........................................................................................................... 13
        E.      Plaintiff's Claims Should Be Dismissed. .................................................... 14

IV.     CONCLUSION ............................................................................................................ 14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullayeva v. Attending Homecare Servs.*
LLC, 928 F.3d 218 (2d Cir. 2019) ........................................................................5

*Alfonso v. Maggies Paratransit Corp.*,
203 F. Supp. 3d 244 (E.D.N.Y. 2016) ...................................................................7

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013)..........................................................................................4, 12

*In re Am. Express Fin. Advisors Sec. Litig.*,
672 F.3d 113 (2d Cir. 2011)...................................................................................5

*AT&T Mobility, LLC v. Concepcion*,
563 U.S. 333 (2011).........................................................................................3, 13

*AT&T Technologies, Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986).................................................................................................3

*Bd. of Educ. of Bloomfield Cent. Sch. Dist. v. Christa Constr., Inc.*,
608 N.E.2d 755 (N.Y. 1992)................................................................................12

*Behm v. Am. Int'l Grp., Inc.*,
No. N10C-10-013, 2013 WL 3981663 (Del. Super. Ct. July 30, 2013)..................12

*Benzemann v. Citibank N.A.*,
622 F. App'x 16 (2d Cir. 2015) ...........................................................................14

*Black v. JP Morgan Chase & Co.*,
No. 10-848, 2011 WL 3940236 (W.D. Pa. Aug. 25, 2011).................................13

*Breckenridge Edison Dev., L.C. v. Sheraton Operating Corp.*,
No. 13-6804, 2014 WL 4802885 (S.D.N.Y. Sept. 18, 2014) ...............................4

*Charter Commc'ns, Inc. v. Garfin*,
No. 20 CIV. 7049 (KPF), 2021 WL 694549 (S.D.N.Y. Feb. 23, 2021).................14

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
58 F.3d 16 (2d Cir. 1995) ......................................................................................4

*Curley v. AMR Corp.*,
153 F.3d 5 (2d Cir. 1998) .......................................................................................5

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985)................................................................................................4

*Eagle Force Hldgs., LLC v. Campbell*,
187 A.3d 1209 (Del. 2018) ....................................................................................6

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018)...........................................................................................7, 12

*Fluke v. Cashcall, Inc.*,
 No. CIV 08-5776, 2009 WL 1437593 (E.D. Pa. May 21, 2009)..............................................13

*In re Generali COVID-19 Travel Ins. Litig.*,
 577 F. Supp. 3d 284 (S.D.N.Y. 2021)......................................................................................8

*Genesco, Inc. v. T. Kakiuchi & Co.*,
 815 F.2d 840 (2d Cir. 1987).....................................................................................................4

*Greene v. Subcontracting Concepts, L.L.C.*,
 No. 13 CIV. 01500 AJN, 2014 WL 1087999 (S.D.N.Y. Mar. 19, 2014)...............................10

*Howsam v. Dean Witter Reynolds, Inc.*,
 537 U.S. 79 (2002)..................................................................................................................14

*James & Jackson, LLC v. Willie Gary, LLC*,
 906 A.2d 76 (Del. 2006) .........................................................................................................12

*Lamps Plus, Inc. v. Varela*,
 587 U.S. 176 (2019)..................................................................................................................5

*Lewis v. ANSYS, Inc.*,
 No. 19-CV-10427 (AJN), 2021 WL 1199072 (S.D.N.Y. Mar. 30, 2021) ...............................14

*Litvinov v. UnitedHealth Grp. Inc.*,
 No. 13-8541, 2014 WL 1054394 (S.D.N.Y. Mar. 11, 2014).....................................................6

*Marciano v. DCH Auto Grp.*,
 14 F. Supp. 3d 322 (S.D.N.Y. 2014)......................................................................................5, 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983)......................................................................................................................3

*N.F.L. Ins. Ltd. by Lines v. B & B Holdings, Inc.*,
 874 F. Supp. 606 (S.D.N.Y. 1995)............................................................................................5

*Osborn ex rel. Osborn v. Kemp*,
 991 A.2d 1153 (Del. 2010) ......................................................................................................6

*Ouedraogo v. A-1 Int'l Courier Serv., Inc.*,
 No. 12-5651, 2014 WL 1172581 (S.D.N.Y. Mar. 21, 2014).........................................3, 9, 11

*Pick v. Discover Fin. Servs., Inc.*,
 No. 00–935, 2001 WL 1180278 (D. Del. Sept. 28, 2001).......................................................13

*Ragone v. Atl. Video at Manhattan Ctr.*,
 595 F.3d 115 (2d Cir. 2010)...................................................................................................8, 9

*Ragone v. Atl. Video at Manhattan Ctr.*,
 No. 07-6084, 2008 WL 4058480 (S.D.N.Y. Aug. 29, 2008)..................................................10

*Reid v. Tandym Grp., LLC*,
 697 F. Supp. 3d 62 (S.D.N.Y. 2023)....................................................9, 10, 11, 13, 14

*Rent–A–Center, West, Inc. v. Jackson*,
 561 U.S. 63 (2010)...............................................................................................................4, 13

*Scharnikow v. Siracuse*,
No. 15-CV-6991(DRH)(SIL), 2016 WL 7480360 (E.D.N.Y. Dec. 6, 2016) ..........................5

*Smash v. Dover Downs, Inc.*,
No. CV 21-1568, 2022 WL 2966431 (D. Del. July 27, 2022) .............................................6, 7

*Sutherland v. Ernst & Young LLP*,
726 F.3d 290 (2d Cir. 2013)...................................................................................................7

*Torres v. Major Auto. Grp.*,
No. 13-0687, 2014 WL 4802985 (E.D.N.Y. Sept. 25, 2014) ...................................................4

*United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*,
363 U.S. 574 (1960)...............................................................................................................3

*Valdez-Mendoza v. Jovani Fashion Ltd.*,
No. 15-7261, 2017 WL 519230 (E.D.N.Y. Feb. 8, 2017) .......................................................9

*West v. LaserShip, Inc.*,
No. 21-CV-5382 (LTS), 2023 WL 1972216 (S.D.N.Y. Feb. 13, 2023)..................................13

*Zaken v. Jenny Craig, Inc.*,
No. 11-CV-02465, 2011 WL 4916928 (E.D.N.Y. Oct. 13, 2011)............................................4

## Other Authorities

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*,........................................................................ *passim*

Fed. R. Civ. P. 12(b)(3)............................................................................................................1

**PRELIMINARY STATEMENT**

Plaintiff Joel Guerrero's ("Plaintiff") Complaint should be dismissed in its entirety because he signed an Independent Contractor and Arbitration Agreement (the "Agreement") which requires him to arbitrate his claims on an individual basis. In breach of that Agreement, Plaintiff filed this putative class and collective action alleging causes of action under federal, state, and city wage and hour laws. Those claims fall directly within the scope of the Agreement's arbitration provision. Where a binding arbitration agreement covers the claims at issue, the Federal Arbitration Act ("FAA")—which governs here—mandates that the claims be compelled to arbitration.

Accordingly, Defendants GoBrands, Inc. d/b/a Gopuff ("Gopuff"), GB Logistics, LLC ("GB Logistics"), Yakir Gola ("Gola"), and Rafael Ilishayev ("Ilishayev") (collectively, "Defendants"), respectfully request that the Court grant their motion to: (i) compel all claims asserted in Plaintiff's Complaint to individual arbitration pursuant to the FAA and (ii) dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).[1]

## I.    FACTUAL BACKGROUND

Gopuff is a leading retail and instant commerce platform offering thousands of everyday products. The company stores its own inventory in hundreds of local micro-fulfillment centers. When customers order through the online platform, they can have the products come directly to them from independent contractor delivery partners who utilize their own vehicles to provide prompt services for customers. *See* Exhibit A to the Declaration of Jordan Holtzman-Conston ("Holtzman-Conston Decl."). Drivers like Plaintiff are free to choose when they wish to provide

---

[1]    Plaintiff erroneously names "GoPuff" as a defendant in this action. There is no legal entity named "GoPuff."

services through goDrive, Gopuff's digital marketplace platform, and have exclusive control over their schedules. [2]

As a condition of providing services through goDrive, GB Logistics required Plaintiff to execute the Agreement. *See* Holtzman-Conston Decl. ¶ 6. On August 17, 2023, Plaintiff electronically signed the Agreement. *See* Exhibit A; Holtzman-Conston Decl. ¶ 17. The Agreement contains a prominently displayed Arbitration Provision. The Arbitration Provision broadly applies to "any dispute, controversy or claim arising out of or relating to th[e] Agreement, including any question regarding its breach, termination, enforcement, interpretation or validity." *See* Exhibit A at § 3(a). Under the Arbitration Provision, "all disputes between [Plaintiff] and GB Logistics' fiduciaries, administrators, affiliates, subsidiaries, [and] parents . . . including but not limited to any dispute, controversy, or claim arising out of relating to [Plaintiff's] relationship with GB Logistics," is also subject to arbitration. *Id*. The Arbitration Provision expressly applies to all "disputes regarding any city, county, state or federal wage-hour law," including the Fair Labor Standards Act ("FLSA"). *Id.* The Agreement also contains a Class Action Waiver, which requires Plaintiff to arbitrate all claims "on an individual basis and not on a class basis" and which prohibits Plaintiff from joining his claims with those of any other driver providing services through goDrive. *Id*. at § 3(d).

Despite Plaintiff's clear consent to arbitrate any dispute arising out of the Agreement on an individual basis, he filed this putative class and collective action alleging minimum wage and overtime claims under the FLSA, New York Labor Law ("NYLL"), and the New York City

---

[2]    GB Logistics is a technology platform and digital marketplace that helps drivers to deliver Gopuff goods to consumers.

Administrative Code ("NYC Code").  *See* Dkt. No. 1 ("Compl.").[3]  The crux of Plaintiff's

Complaint is that Defendants misclassified him as an independent contractor, as provided in the

Agreement.  *Id.* The Complaint alleges that all Defendants operate "as the delivery service GoPuff

and are, in all things, joint employers and/or wholly owned by one or another"; that GB Logistics

is "affiliated directly and intimately with GoPuff"; and that Gola and Ilishayev "operate GoPuff

and all affiliates as one and the same").  *See, e.g.*, *id.*, ¶¶ 3, 11, 20.

On September 30, 2024, counsel for Defendants provided Plaintiff's counsel with a copy

of his executed Agreement and subsequently requested that Plaintiff voluntarily consent to

arbitration, consistent with the parties' Agreement.  *See* Declaration of Jason D. Burns, Esq., at ¶

2.  Plaintiff has refused to do so.  *Id*.

## II.    LEGAL STANDARD

The FAA reflects "a 'liberal federal policy favoring arbitration.'" *AT&T Mobility, LLC v.*

*Concepcion,* 563 U.S. 333, 339, (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.,* 460 U.S. 1, 24 (1983)).  "[W]here the contract contains an arbitration clause, there is a

presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should

not be denied unless it may be said with positive assurance that the arbitration clause is not

susceptible of an interpretation that covers the asserted dispute.'" *AT&T Technologies, Inc. v.*

*Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v.*

*Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960)). The FAA embodies the "overarching

principle that arbitration is a matter of contract," and commands courts to "'rigorously enforce'

---

[3]    Defendants do not concede any of the allegations or claims in the Complaint.  The Court, however, may rely on the allegations in the Complaint for the purpose of deciding this motion to compel.  *See Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-5651, 2014 WL 1172581, at *1 (S.D.N.Y. Mar. 21, 2014).

arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.,* 570 U.S. 228, 233 (2013) (citing *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 67 (2010) and *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985)).

When deciding a motion to compel arbitration under the FAA, courts must "construe[ ] an arbitration clause as broadly as possible" and "resolve[ ] doubts in favor of arbitration." *Zaken v. Jenny Craig, Inc.*, No. 11-CV-02465, 2011 WL 4916928, at *1-2 (E.D.N.Y. Oct. 13, 2011) (citing *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.,* 58 F.3d 16, 19–20 (2d Cir. 1995)). To determine whether claims are subject to arbitration, courts "focus[ ] on the factual allegations in the Complaint and [should] compel arbitration if the allegations underlying [an employee's] claim 'touch matters' covered by the parties' agreement." *Id.* at *2. (quoting *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 846 (2d Cir. 1987)).

As the foregoing makes clear, "[t]he FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Breckenridge Edison Dev., L.C. v. Sheraton Operating Corp.,* No. 13-6804, 2014 WL 4802885, at *2 (S.D.N.Y. Sept. 18, 2014) (citations omitted). Faced with this Circuit's overwhelming authority favoring the enforcement of arbitration agreements, Plaintiff "bears the burden of proving that the claims at issue are unsuitable for arbitration." *Torres v. Major Auto. Grp.*, No. 13-0687, 2014 WL 4802985, at *4 (E.D.N.Y. Sept. 25, 2014) (citation omitted). He cannot.

## III. ARGUMENT

### A. The Court Should Compel Arbitration of Plaintiff's Claims Under the FAA.

In deciding a motion to compel arbitration, the Second Circuit has instructed courts to address two questions: (1) whether the parties have entered into a valid agreement to arbitrate; and (2) if so, whether the dispute at issue falls within the scope of the parties' agreement to

arbitrate.  *See In re Am. Express Fin. Advisors Sec. Litig.,* 672 F.3d 113, 128 (2d Cir. 2011).

Here, the answer to both questions is "Yes."

### 1.      Plaintiff Entered Into a Valid Arbitration Agreement.

To determine whether the parties agreed to arbitrate, courts apply ordinary state-law

principles governing the formation of contracts. *See Abdullayeva v. Attending Homecare Servs*.

LLC, 928 F.3d 218, 222 (2d Cir. 2019).  In the Second Circuit, a familiar axiom applies to contract

interpretation:  The terms of an agreement provide the best evidence of what the parties intend,

and a written agreement that is complete, clear, and unambiguous on its face must be enforced

according to the plain meaning of its terms.  *Id.* at 222.

The Agreement contains a choice of law provision requiring application of Delaware state

law.  *See* Exhibit A at § 20(k).  Because there is no substantive difference between the relevant

governing standards in New York and Delaware, the Court need not perform a choice-of-law

analysis and may apply the law of the forum state—New York. *See Scharnikow v. Siracuse*, No.

15-CV-6991(DRH)(SIL), 2016 WL 7480360, at *4 (E.D.N.Y. Dec. 6, 2016) (citing *Curley v. AMR

Corp.*, 153 F.3d 5, 12 (2d Cir. 1998)).  In any event, no matter what state law says, "ambiguities

about the scope of an arbitration agreement must be resolved in favor of arbitration." *Lamps Plus,

Inc. v. Varela*, 587 U.S. 176, 189 (2019).

Under New York law, the basic elements of contract formation are offer, acceptance, and

consideration. *N.F.L. Ins. Ltd. by Lines v. B & B Holdings, Inc.*, 874 F. Supp. 606, 610 (S.D.N.Y.

1995).  The Agreement, and by extension the Arbitration Provision, satisfies all three elements.

Plaintiff was presented with the Agreement by GB Logistics (offer); he accepted by electronically

signing the Agreement (acceptance); and the *mutual* Arbitration Provision applies to claims

asserted by *either* party (consideration).  These facts establish that Plaintiff had adequate notice

of, assented to, and became bound by, the Agreement.  *See Marciano v. DCH Auto Grp.*, 14 F.

Supp. 3d 322, 330 (S.D.N.Y. 2014) (holding that under New York law "parties are presumed to know the contents of the agreements they have signed") (citation omitted); *Litvinov v. UnitedHealth Grp. Inc.*, No. 13-8541, 2014 WL 1054394, at *3 (S.D.N.Y. Mar. 11, 2014) (compelling arbitration where employee "electronically acknowledged that she received and reviewed" employer's arbitration policy). GB Logistics' reciprocal promise to arbitrate is, among other benefits, adequate consideration. *See, e.g., Marciano*, 14 F. Supp. 3d at 337 (compelling arbitration of plaintiff's claims after finding that arbitration agreement contained "sufficient consideration because . . . it mutually binds both parties to submit claims exclusively to arbitration"). So, under New York law, the Agreement is a valid and enforceable contract.

The Agreement also is valid and enforceable under Delaware law. Under Delaware law, a contract is formed if the following elements exist: (1) a mutual manifestation of an intention to be bound; (2) terms sufficiently definite to be enforced; and (3) consideration. *See Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 n.12 (Del. 2010). The Agreement, and by extension the Arbitration Provision, satisfies all three elements. At the first step, the "parties' intent to be bound by the [Agreement] is manifested by their signatures." *Smash v. Dover Downs, Inc*., No. CV 21-1568, 2022 WL 2966431, at *2 (D. Del. July 27, 2022). The terms of the Agreement generally and the Arbitration Provision specifically are sufficiently definite—the Arbitration Provision unequivocally states that Plaintiff must arbitrate "all disputes" arising from or relating to his relationship with GB Logistics or his performance of delivery services. *See* Exhibit A at § 3(a); *Eagle Force Hldgs., LLC v. Campbell*, 187 A.3d 1209, 1229 (Del. 2018) ("A contract is sufficiently definite and certain to be enforceable if the court can—based upon the agreement's terms and applying proper rules of construction and principles of equity—ascertain what the parties have agreed to do."). Finally, the parties agreed to be mutually bound by the Arbitration

6

Provision, which also constitutes adequate consideration under Delaware law. *See, e.g., Smash*, 2022 WL 2966431, at \*2 (enforcing arbitration agreement after holding that mutual agreement to arbitrate served as adequate consideration).

### 2.    All of Plaintiff's Claims Are Covered by the Arbitration Agreement.

The claims alleged in the Complaint fall within the scope of the broad Arbitration Provision, which applies to "**all disputes** arising out of or relating to [Plaintiff] relationship with GB Logistics" and specifically to all "**disputes regarding any city, county, state or federal wage-hour law**." *See* Exhibit A at § 3(a) (emphasis added). To be sure, Plaintiff's wage and hour claims under federal, state, and city law may be compelled to individual arbitration. *See, e.g.*, *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 515 (2018) (reaffirming that claims under the FLSA may be compelled to individual arbitration); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013) (enforcing class and collective action waiver and reversing district court's decision denying motion to compel individual arbitration of FLSA claims); *Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 248 (E.D.N.Y. 2016) (granting motion to compel individual arbitration of FLSA and NYLL claims).

Because the Agreement is a valid and binding contract under both New York and Delaware law, and because Plaintiff's claims squarely fall within the scope of the Arbitration Provision, the Court should compel them to individual arbitration.

### 3.    Plaintiff Must Arbitrate His Claims Against *All* Defendants.

All four Defendants are entitled to compel Plaintiff's claims to individual arbitration even though only GB Logistics is a signatory to the Agreement. This is true for at least two reasons. First, Gopuff, Gola, and Ilishayev may enforce the Arbitration Provision as third-party beneficiaries. Second, Plaintiff is estopped from objecting to arbitration with Gopuff, Gola, and

7

Ilishayev because, according to his own allegations, Defendants are "closely related" and Plaintiff's claims against them are "intertwined" with the Agreement.

### a. The Non-Signatory Defendants Are Entitled To Enforce The Arbitration Provision As Third-Party Beneficiaries.

The Agreement states that affiliates of GB Logistics, including "current and former parent companies, subsidiaries, and other affiliated companies, as well as their respective . . . officers, directors, employees, [and] agents," are intended third-party beneficiaries of the Agreement, "including the Arbitration Provision." *See* Exhibit A at § 22(d). This express language leaves no doubt that the parties granted any such entity or person the right to invoke the Arbitration Provision. And, based on Plaintiff's allegations, the list of intended third-party beneficiaries includes Gopuff, Gola, and Ilishayev. *See, e.g.*, Compl. ¶3 (alleging that all Defendants operate "as the delivery service GoPuff and are, in all things, joint employers and/or wholly owned by one or another"), ¶11 (alleging GB Logistics is "affiliated directly and intimately with GoPuff"), ¶20 (alleging that Gola and Ilishayev "operate GoPuff and all affiliates as one and the same"). For this reason alone, Gopuff, Gola, and Ilishayev are each entitled to enforce the Arbitration Provision in this action. *See In re Generali COVID-19 Travel Ins. Litig.*, 577 F. Supp. 3d 284, 292 (S.D.N.Y. 2021) (granting motion to compel arbitration because non-signatory fell within the definition of "companies" referenced in underlying agreement's third-party beneficiary clause).

### b. The Non-Signatory Defendants Are Entitled To Enforce The Arbitration Provision On Estoppel Grounds.

Under principles of estoppel articulated by the Second Circuit, parties who have not signed an arbitration agreement may compel a signatory's claims to arbitration where (1) the claims are "intertwined with the underlying contract obligations" and (2) there is a "close relationship" between the signatory and non-signatory defendants. *See Ragone v. Atl. Video at*

*Manhattan Ctr.*, 595 F.3d 115, 127 (2d Cir. 2010). *Id.* Defendants easily satisfy both prongs of this test.

> **i.      *Plaintiff's Joint Employment Claims Against GB Logistics and the Non-Signatory Defendants Are Factually Intertwined.***

Each of Plaintiff's identical joint employment claims against GB Logistics and the three non-signatory Defendants is covered by the Arbitration Provision. Plaintiff alleges not only the same claims against the Defendants, but also that they are jointly responsible for the same alleged conduct. *See generally* Compl. These allegations "satisf[y] the requirement that the issues sought to be resolved against the [non-signatory Defendants] be factually 'intertwined' with those sought to be resolved against the [signatory Defendant] and therefore subject to the arbitration agreement." *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-5651, 2014 WL 1172581, at *1 (S.D.N.Y. Mar. 21, 2014) (compelling arbitration of plaintiff's FLSA and NYLL claims against alleged joint employer); *Valdez-Mendoza v. Jovani Fashion Ltd.*, No. 15-7261, 2017 WL 519230, at *3 (E.D.N.Y. Feb. 8, 2017) (compelling arbitration of plaintiffs' FLSA and NYLL claims against non-signatory defendant where complaint alleged non-signatory was a "joint-employer" and "consistently reference[d] the 'Defendants,' without differentiating between" them).

The decision in *Reid v. Tandym Grp., LLC*, 697 F. Supp. 3d 62 (S.D.N.Y. 2023), is instructive. There, a non-signatory—and alleged joint employer—moved to compel arbitration of plaintiff's claims under the FLSA and NYLL. *Id.* at 79. The court compelled arbitration because all the plaintiff's claims arose "out of the subject matter of the Services Agreement that she signed with" the signatory defendant, and because the claims were "premised on her allegation that she was misclassified as an independent contractor" while providing services to the non-signatory defendant. *Id.* The same is true of Plaintiff's claims in this case. Each cause of action hinges on

9

Plaintiff's contention that he was improperly classified as an independent contractor pursuant to the Agreement and instead jointly employed by all Defendants. *See, e.g.*, Compl. ¶¶ 30-44 (alleging Plaintiff did not receive minimum wage or overtime under pay structure explained in the Agreement); *see also Ragone v. Atl. Video at Manhattan Ctr.*, No. 07-6084, 2008 WL 4058480, at *8 (S.D.N.Y. Aug. 29, 2008), *aff'd*, 595 F.3d 115 (2d Cir. 2010) (holding that plaintiff's discrimination claims arose under the subject matter of arbitration agreement that applied to "any and all claims or controversies arising out of [the employee's] employment").

Like the court in *Reid*, this Court should find that Plaintiff's claims against GB Logistics and the non-signatory Defendants are factually intertwined.

### ii. Plaintiff Has Alleged that GB Logistics and the Non-Signatory Defendants Are "Closely Related."

None of Plaintiff's claims distinguishes between the Defendants. Instead, the Complaint treats them as a single unit. *See generally* Compl. Plaintiff specifically alleges all Defendants are "one in the same" and that, as "joint employers" they "control[l]ed" Plaintiff's "work responsibilities" and are responsible for the conduct challenged in the Complaint. *E.g.*, ¶¶ 3, 23, 28. Plaintiff's allegations, while misguided, are precisely the type that courts have compelled to arbitration against non-signatory defendants. *See, e.g.*, *Reid*, 697 F. Supp. 3d at 79 (non-signatory satisfied second prong of estoppel test where plaintiff alleged his "injuries were brought about by the "concerted actions" of signatory and non-signatory) (citation omitted); *Greene v. Subcontracting Concepts, L.L.C.*, No. 13 CIV. 01500 AJN, 2014 WL 1087999, at *1 (S.D.N.Y. Mar. 19, 2014) (compelling arbitration of FLSA and NYLL claims against alleged joint employer: "Plaintiffs' pleadings make plain their understanding that non-signatory Same Day Delivery and signatory SCI were their co-employers: Plaintiffs allege identical FLSA and NYLL claims against Same Day Deliver and SCI, both of which are alleged to be Plaintiffs' 'employers'").

10

For purposes of compelling arbitration, Defendants are "closely related" for another reason. The Arbitration Provision applies to all disputes between Plaintiff and "GB Logistics' fiduciaries, administrators, affiliates, subsidiaries, parents, and all successors and assigns of any of them." Agreement, at § 3(a). As alleged in the Complaint, each non-signatory falls within the scope of this provision. *See* Compl. ¶ 3, 11, 20. Because all Defendants are "linked textually" with the Arbitration Provision, Plaintiff must arbitrate his claims against each of them. *See Reid*, 697 F. Supp. 3d at 79 (finding that non-signatory defendant satisfied second prong of estoppel test where defendant was "'linked textually" to plaintiff's arbitration provision by virtue of the agreement's reference to "clients") (citation omitted).

The decision in *Ouedraogo* is on point. The plaintiffs (delivery drivers) brought a class and collective action under the FLSA and NYLL against their direct employer and several alleged joint employers. 2014 WL 1172581, at *1. Applying the Second Circuit's estoppel test, Judge Nathan compelled arbitration of *all* claims against both the signatory/acknowledged employer (SCI) and the non-signatory/alleged joint employer (A-1):

> The Court also finds the relationship between Plaintiff and the nonsignatory A–1 Defendants to be sufficiently close to justify arbitration . . . As alleged in the Second Amended Complaint, Plaintiff "was supervised by" and "was given assignments and routes by" A–1 employees . . . These allegations, in combination with the fact that the claims against A–1 and SCI are identical, support the conclusion that Plaintiff "understood [A–1] to be, to a considerable extent, [his] co-employer." . . . Under these circumstances, Plaintiff's relationship with the A–1 Defendants is sufficiently close to estop him from denying the arbitrability of his dispute against them.

*Id.* at *5 (citations omitted).

Like *Ouedraogo*, Plaintiff alleges the same claims against all Defendants. Like *Ouedraogo*, Plaintiff's allegations do not distinguish between Defendants, but rather refer to them collectively as "Defendants" throughout the Complaint. As in *Ouedraogo*, Plaintiff's allegations lead to one conclusion: his claims against all Defendants should be compelled to arbitration.

11

B.      **The Arbitration Provision Is Enforceable Under Delaware and New York Law.**

The FAA applies to the Arbitration Provision. But even if it didn't, the Arbitration Provision would still be enforceable under state law. New York law strongly favors arbitration. *See Bd. of Educ. of Bloomfield Cent. Sch. Dist. v. Christa Constr., Inc.*, 608 N.E.2d 755, 755 (N.Y. 1992). The New York Court of Appeals "has repeatedly held that arbitration is a favored method of dispute resolution in New York" and mandated that "New York courts interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration." *Id.* (citations and internal quotation marks omitted).

Delaware, like the FAA and New York, also applies a "strong presumption in favor of arbitration," such that "contractual arbitration clauses are generally interpreted broadly." *Behm v. Am. Int'l Grp., Inc.*, No. N10C-10-013, 2013 WL 3981663, at *5 (Del. Super. Ct. July 30, 2013). Indeed, the Delaware Supreme Court has held that "Delaware arbitration law mirrors federal law." *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 79 (Del. 2006).

C.      **Plaintiff Must Arbitrate His Claims on an Individual Basis.**

Plaintiff's claims should be compelled to arbitration solely on an individual basis because the Agreement's Class Action Waiver is valid and enforceable. *See Epic Sys.*, 584 U.S. at 525 (holding that arbitration agreements providing for individualized proceedings must be enforced as written).

It is well-settled that class and collective action waivers in arbitration agreements governed by the FAA are valid and enforceable. The Supreme Court recently reaffirmed that Congress' instruction to enforce arbitration agreements according to their terms "include[s] terms providing for individualized proceedings." *Epic Sys.*, 138 S. Ct. at 1619, 1632; *see also Italian Colors*, 570 U.S. at 233 (enforcing class action waiver in arbitration agreement and noting that courts "must

12

rigorously enforce" arbitration agreements) (citation omitted); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 347-52 (2011) (holding that the FAA preempts state law regarding the unconscionability of class action waivers and finding class action waivers in arbitration agreements enforceable).

Delaware law also enforces class and collective action waivers. *See, e.g., Black v. JP Morgan Chase & Co.*, No. 10-848, 2011 WL 3940236, at *12 (W.D. Pa. Aug. 25, 2011) (recognizing enforceability of class action waivers under Delaware law) (collecting cases); *Fluke v. Cashcall, Inc.*, No. CIV 08-5776, 2009 WL 1437593, at *6 (E.D. Pa. May 21, 2009) ("Under Delaware law, a class-action waiver provision in an arbitration agreement is enforceable.") (citing *Pick v. Discover Fin. Servs., Inc.,* No. 00–935, 2001 WL 1180278 *5 (D. Del. Sept. 28, 2001)). Likewise, the Class Action Waiver is enforceable under New York law. *See Reid*, 697 F. Supp. 3d at 85 (citing *West v. LaserShip, Inc.*, No. 21-CV-5382 (LTS), 2023 WL 1972216, at *2 (S.D.N.Y. Feb. 13, 2023) ("New York courts routinely uphold contractual proscriptions against class actions," and "also uphold class and collective action waivers when applying . . . New York law in FLSA and NYLL actions") (collecting cases)).

Because the Class Action Waiver is enforceable under the FAA, Delaware law, and New York law, the Court should compel Plaintiff to arbitrate his claims on an individual basis.

**D.      The Arbitration Provision Contains a Valid and Enforceable Delegation Clause.**

To the extent Plaintiff challenges the validity or enforceability of the Arbitration Provision, these gateway questions of arbitrability must be submitted to the arbitrator, rather than the Court, pursuant to the Arbitration Provision's delegation clause. Exhibit A at § 3(d); *see Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (recognizing the enforceability of delegation clauses:

13

"An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the court to enforce . . . .").

Here, the Arbitration Provision provides that, except for questions regarding the enforceability of the Class Action Waiver, the "arbitrator shall have the exclusive authority to [] determine the scope of, and resolve any dispute related to, the applicability, enforceability, revocability or validity of this Arbitration Provision or any portion thereof." Exhibit A at § 3(d). Because the parties have "clearly and unmistakably" agreed to delegate questions of arbitrability to the arbitrator, an arbitrator must decide them. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *see also Reid*, 697 F. Supp. 3d at 85 (recognizing enforceability of clause delegating issues of arbitrability to the arbitrator, notwithstanding clause's carveout for disputes relating to enforceability of class and collective action waivers).

### E.     Plaintiff's Claims Should Be Dismissed.

"[T]he district court has discretion in determining whether to stay or dismiss the case pending arbitration." *Lewis v. ANSYS, Inc.*, No. 19-CV-10427 (AJN), 2021 WL 1199072, at *3 (S.D.N.Y. Mar. 30, 2021) (quoting *Charter Commc'ns, Inc. v. Garfin*, No. 20 CIV. 7049 (KPF), 2021 WL 694549, at *14 (S.D.N.Y. Feb. 23, 2021) (citing *Benzemann v. Citibank N.A.*, 622 F. App'x 16, 18 (2d Cir. 2015)). Because all Defendants are entitled to enforce the arbitration agreement, and because all claims in the Complaint are subject to arbitration, there is little to be gained by staying the action. The Court should dismiss this case without prejudice and direct Plaintiff to arbitrate his claims on an individual basis in accordance with the terms of the Agreement.

## IV.   CONCLUSION

Plaintiff's agreement to arbitrate is valid and enforceable and the claims alleged in his Complaint fall squarely within the scope of the Agreement. Because Plaintiff's claims are subject

14

to arbitration, the Court should compel them to individual arbitration and dismiss Plaintiff's Complaint.

DATED:  October 28, 2024
        New York, New York

**GREENBERG TRAURIG, LLP**

By /s/ Jason D. Burns

Jason D. Burns
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
jason.burns@gtlaw.com

*Attorneys for Defendants*

15