UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOEL GUERRERO, et al.,

                               Plaintiffs,                    **24 Civ. 6727 (JHR) (GS)**

                   -against-                                 **ORDER**

GOPUFF, et al.,

                               Defendants.
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

       Before the Court, in this action alleging violations of, *inter alia*, the Fair Labor Standards Act ("FLSA"), are letter-motions filed by Plaintiffs on July 29, 2025 and September 9, 2025 concerning Defendants' pending motion to compel arbitration (Dkt. No. 23) and Plaintiffs' pending motion for conditional certification (Dkt. No. 34). (Dkt. Nos. 39, 42). Defendants submitted letters responding to Plaintiffs' letter-motions on August 1, 2025 and September 12, 2025. respectively. (Dkt. Nos. 40, 43).

       Plaintiffs' request for oral argument on Defendants' motion to compel arbitration (Dkt. No. 42 at 1) is **GRANTED**. The Court will take up Plaintiffs' request for discovery as to Defendants' arbitration practices (Dkt. No. 39 at 1-2) at oral argument. Oral argument is hereby scheduled for **Tuesday, October 14, 2025 at 3:00 p.m.** in Courtroom 9A, United States Courthouse, 500 Pearl Street, New York, New York.

       Plaintiffs' request that the Court rule on their motion for conditional certification prior to the ruling on Defendants' motion to compel arbitration (Dkt.

No. 42) is **DENIED**. Plaintiffs' letter simply repackages the arguments they previously made before Judge Rearden. (*Compare id.* at 1-2 *with* Dkt. No. 37 at 2-4). Having considered those arguments, Judge Rearden determined on April 2, 2025 to extend Defendants' deadline to oppose Plaintiffs' motion for conditional certification to twenty-one days after the Court's resolution of Defendants' motion to compel arbitration. (Dkt. No. 38). The Court will not revisit Judge Rearden's determination.[1]

Finally, Plaintiffs request that the Court "order" that consent forms executed by two opt-in plaintiffs (Daryl Walker and Chenor Sow) are "acceptable" and that their claims "are now pending before this Court" or, in the alternative, that Plaintiffs be given leave to amend the Complaint to add these two individuals as named Plaintiffs. (Dkt. No. 39 at 2). This request is **DENIED**. It is the practice in this Court for opt-in plaintiffs in FLSA cases to file consent forms on the docket, consistent with the terms of the statute. *See* 29 U.S.C. § 216(b) (providing that employee may become a party plaintiff in a FLSA action where "he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). So far as the Court is aware, court approval is unnecessary; nor do Plaintiffs cite any authority to suggest that court approval is necessary. The Court also does not see the need for the Complaint to be amended to add Messrs. Walker and Sow, but if Plaintiffs wish to amend their pleading, they must (a) first confer with Defendants to determine if Defendants consent to the

---

[1] The Court notes that Plaintiffs' letter did not disclose that Judge Rearden previously ruled on this issue. The Court expects greater candor from counsel in the future.

amendment and (b) if consent is lacking, make an appropriate motion for leave to amend under Fed. R. Civ. P. 15(a)(2) and/or Fed. R. Civ. P. 21.

The Clerk of Court is respectfully directed to close the pending motion at Docket No. 42.

**SO ORDERED.**

DATED:   New York, New York
           September 17, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge